UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KENNETH ALEXANDER,
     Petitioner,

vs.                           Case No.:  3:21cv920/MCR/EMT

M.V. JOSEPH,
     Respondent.
_____/

## <u>REPORT AND RECOMMENDATION</u>

Petitioner Kenneth Alexander (Alexander) was an inmate of the federal Bureau of Prisons (BOP) when he commenced this case on July 19, 2021, by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1).[1] Respondent filed a motion to dismiss the petition without prejudice for failure to exhaust administrative remedies, and because Alexander has no current right to the relief he requests (ECF No. 17).  Alexander responded in opposition to the motion to dismiss (ECF No. 19).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C).  After careful

---

[1] As discussed *infra*, Alexander was released from prison on January 10, 2022, to serve the term of supervised release imposed by the sentencing court.

consideration of the filings and attachments presented by the parties, it is the opinion of the undersigned that the habeas petition should be dismissed without prejudice for failure to exhaust administrative remedies.

## I.    BACKGROUND

Alexander was convicted in this District Court, Case No. 4:18cr36/MW/CAS, of Aiding and Assisting in the Preparation of a False and Fraudulent Return (Count 4), Aiding and Abetting Theft of Government Funds (Count 11), and Aggravated Identity Theft (Count 12) (*see* ECF No. 1 at 1; ECF No. 17 at 2). *See United States v. Alexander*, Case No. 4:18cr36/MW/CAS, Judgment, ECF No. 44 (N.D. Fla. Aug. 30, 2019). On August 21, 2019, the court sentenced Alexander to a total term of 54 months (4.5 years) in prison followed by a total term of 3 years of supervised release. *See id.* The court directed Alexander to surrender for service of his sentence on October 21, 2019. *See id.*

On July 19, 2021, Alexander filed his § 2241 petition presenting the following claims:

> GROUND ONE:  The manner in which the BOP is implementing the 85% rule is changing the nature of the policy into something that is earned on an annual basis instead of something you are given at sentencing and have to lose based upon your behavior in prison.

Supporting Facts:  When you are sentenced in court you are told that you must complete 85% of your sentence to be considered to have served your full sentence.  The 15% is something given that you must lose; not something you must earn on an annual basis.  The manner that the BOP's policy is implementing that 15% is changing the given time into something that you have to earn annually.

GROUND TWO:  First Step Act work earned time credits.

Supporting Facts:  The BOP has taken the position that they don't have to apply First Step Act work earned credits until 1/15/22, but recent court cases has [sic] established this as a misinterpretation.  Moreover, the courts have made it clear that these work time credits must be applied instantly and that the 1/15/22 date is not the date that the BOP has until [sic] to get started applying the credits.

(ECF No. 1 at 6–7).  As relief, Alexander seeks an order requiring the BOP to apply Good Conduct Time (GCT) credits equal to 15% of his 4.5-year sentence (i.e., 243 days) (*id.* at 8).  Alexander also seeks an order requiring the BOP to apply Earned Time Credits (ETCs) (*id.*).

Respondent's motion to dismiss, filed on December 17, 2021, seeks dismissal of Alexander's habeas petition on two grounds.  First, the petition should be dismissed without prejudice because Alexander failed to exhaust his administrative remedies prior to filing it (ECF No. 17 at 4–7).  Respondent submitted a printout of Alexander's administrative remedy record in support of the exhaustion argument (*see* ECF No. 17-2, Administrative Remedy Generalized Retrieval).  Second,

Respondent contends Alexander has no current right to the relief he requests because the BOP has until January 15, 2022, to implement the First Step Act (FSA) provisions upon which Alexander's claims are based (*id.* at 10–26).

In Alexander's response to the motion to dismiss, he states the sentencing court granted his request for compassionate release on January 10, 2022, and he is now serving his term of supervised release (*see* ECF No. 19 at 3). The docket of Alexander's criminal case confirms this. *See* Case No. 4:18cr36/MW/CAS, Order Granting Renewed Motion for Compassionate Release, ECF No. 66 (N.D. Fla. Jan. 10, 2022). Alexander requests that the court require the BOP to apply FSA time credits to his term of supervised release (ECF No. 19 at 3).

II.    DISCUSSION

A petitioner seeking relief under § 2241 must first exhaust available administrative remedies. *See Santiago–Lugo v. Warden*, 785 F.3d 467, 474–75 (11th Cir. 2015) (noting that courts may not "disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense."); *Rodriguez v. Lamer*, 60 F.3d 745, 747 (11th Cir. 1995) ("[A]n inmate must typically exhaust his or her administrative remedies with the BOP before seeking judicial relief."). To properly exhaust administrative remedies, a petitioner must comply with the applicable

agency's deadlines and procedural rules.  *See Woodford v. Ngo*, 548 U.S. 81, 90–91

(2006) (addressing the exhaustion requirement in the Prison Litigation Reform Act);

*see also, e.g., Davis v. Warden, FCC Coleman—USP I*, 661 F. App'x 561, 562 (11th

Cir. 2016).

The Federal Bureau of Prisons (BOP) provides an internal grievance

procedure for its inmates.  *See* 28 C.F.R. § 542.10, *et seq.*  A federal inmate must

"first present an issue of concern informally to staff" who must "attempt to

informally resolve the issue before an inmate submits a Request for Administrative

Remedy."  *See* 28 C.F.R. § 542.13(a).  An inmate may seek formal review of any

aspect of imprisonment if less formal procedures do not resolve the matter.

The formal grievance process is a three-tiered process.  An inmate first must

submit a Request for Administrative Remedy on the BP-9 form to the Warden within

20 days of the incident.  *See* 28 C.F.R. § 542.14(a).  If the inmate is not satisfied

with the Warden's response, he may submit an appeal on the BP-10 form to the

Regional Director within 20 days of the Warden's response.  *See* 28 C.F.R.

§ 542.15(a).  If the inmate is dissatisfied with the Regional Director's response, he

may submit an appeal on the BP-11 form to the General Counsel at the Central Office

within 30 days of the Regional Director's response.  *See id.*

A Request or Appeal is considered filed on the date it is logged as received in the Administrative Remedy Index. *See* 28 C.F.R. § 542.18. Once filed, a response must be made by the Warden within 20 calendar days, by the Regional Director within 30 calendar days, and by the General Counsel within 40 calendar days. *Id.* Staff must respond in writing to all filed Requests and Appeals. *Id.* If the inmate does not receive a response within the time allotted, the inmate may consider the absence of a response to be a denial at that level. *Id.*

Adjudicating a motion to dismiss for failure to exhaust administrative remedies involves two steps. *See Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008); *see also Blevins v. FCI Hazelton Warden*, 819 F. App'x 853, 856 (11th Cir. 2020). First the district court must look to the inmate's and the respondent's factual allegations, and if they conflict, take the inmate's version of the facts as true. *Turner*, 541 F.3d at 1082. If, in that light, the district court concludes that the inmate failed to exhaust, the petition "must be dismissed." *Id.* But if the district court, after assuming that the inmate's allegations are true, concludes that the petition is not subject to dismissal, it must proceed to the second step and "make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* And at that second step, the respondent bears the burden of proving that the inmate has failed to

exhaust all available administrative remedies. *Id.* "Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." *Id.* at 857 (citing *Turner*, 541 F.3d at 1083).

Alexander admitted he had not pursued any administrative remedies, with respect to either of his claims, when he filed his habeas petition (*see* ECF No. 1 at 7). Alexander explained that the BOP's calculation of his GCT credits and ETCs was pursuant to BOP policy, "[s]o only the court can change the decision" (*id.*). Three months after Alexander filed his § 2241 petition, he filed a supporting memorandum and attached copies of administrative grievances (ECF No. 14; ECF No. 14-1 at 1–6).

The administrative grievances demonstrate Alexander submitted an informal grievance concerning GCT credits and ETCs on July 16, 2021 (ECF No. 14-1 at 1–3). On July 19, 2021, the same day Alexander filed his § 2241 petition, Alexander wrote a formal grievance to the warden, which was considered filed on July 22, 2021, the date it was logged as received in the Administrative Remedy Index, *see* 28 C.F.R. § 542.18 (*see* ECF No. 17-2 at 2; ECF No. 14-1 at 4). Warden Joseph responded to the formal grievance on August 6, 2021 (ECF No. 14-1 at 4–5). Alexander filed an

appeal to the Regional Director on August 25, 2021 (ECF No. 17-2 at 2; ECF No. 14-1 at 6).  The Regional Director responded to the appeal on September 28, 2021 (ECF No. 11-1 at 2).  Alexander filed an appeal to the Central Office on October 28, 2021, but it was rejected on November 15, 2021, for procedural reasons; and Alexander was directed to resubmit his appeal in proper form within 15 days of the date of the rejection notice (*see* ECF No. 19 at 1; ECF No. 17 at 7; ECF No. 17-2 at 2).  Alexander states he resubmitted a Central Office appeal on November 28, 2021 (ECF No. 19 at 1).  Respondent asserts the appeal had not been received, and thus not "filed," as of December 2, 2021, the date of the printout of Alexander's administrative remedy record submitted with Respondent's motion to dismiss (*see* ECF No. 17 at 7; ECF No. 17-2 at 2).  Alexander does not assert he received a response from the Central Office.  As previously noted, *once filed*, the Central Office must respond within 40 calendar days.  *See* 28 C.F.R. § 542.18

It is undisputed, and clear from the record, that when Alexander filed this habeas case on July 19, 2021, he had not exhausted his administrative remedies. Therefore, Alexander's habeas petition should be dismissed without prejudice to his re-filing a habeas petition once the BOP's Central Office issues a final decision on his request for time credits (especially since the BOP's new regulations regarding

the earning and application of FSA time credits are now effective, *see* 28 C.F.R.

§§ 523.40–.44 (effective Jan. 19, 2022)).[2]   If Alexander is unsatisfied with the

response he receives from the Central Office, he may then present his claim(s) in

another habeas action, at which time the court will have a final agency decision and

a fully developed administrative record to review.

III.   CONCLUSION

Alexander failed to exhaust his administrative remedies prior to filing his

§ 2241 petition.   Therefore, the habeas petition should be dismissed without

prejudice.

Accordingly, it is respectfully **RECOMMENDED**:

1.      Respondent's motion to dismiss (ECF No. 17) be **GRANTED** on the

ground that Petitioner failed to exhaust administrative remedies prior to filing his

habeas petition.

2.      That the petition for writ of habeas corpus (ECF No. 1) be **DISMISSED**

**without prejudice** for failure to exhaust administrative remedies.

---

[2] Respondent conceded that at the date of filing the motion to dismiss (which was before Alexander
was released on supervised release), Alexander was eligible for FSA time credits and had taken
some classes that qualified for time credits (*see* ECF No. 17 at 22).   Respondent asserted that as
of that date, the Central Office had not notified the institution that it had calculated or awarded any
FSA time credits for Alexander (*id.*).

Case No.:  3:21cv920MCR/EMT

3.    That the clerk of court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida this <u>31</u><sup>st</sup> day of January 2022.


*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.:  3:21cv920MCR/EMT